## Case No. 105.

### The AIGBURTH.

### The SARAH STARR.

[Blatchf. Prize Cas. 635.][1]

Circuit Court, S. D. New York. May 19, 1862.

PRIZE—RIGHTS OF CAPTOR—CONDEMNATION—EXPENSES—BONDING VESSEL.

1. Pending the appeals in these cases from decrees of condemnation, an order was made by this court, at the instance of the claimants, for bonding the vessels. They were appraised for that purpose, and the bonds were tendered, when the marshal intervened, and claimed payment of his fees and disbursements in the seizure and subsequent safe-keeping of the vessels, and also for wharfage, towage, &c., or at least that the claimants pay into court a sum of money to cover these fees and expenses: *Held*, that the claimants were, thus far, liable for nothing but the expenses of bonding the vessel.

2. Under the act of March 25, 1862, (12 Stat. 374,) the claimant is not responsible for the costs and expenses attending the seizure, detention, and safe custody of property seized as prize, unless there is a decree of condemnation, or of restitution on payment of costs.

3. All captures made by public armed vessels belong to the government and no title exists in the captors, except to their distributive shares of the proceeds after condemnation.

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty.

NELSON, Circuit Justice. These two vessels were seized as prizes by the government, and were condemned in the court below, and are in this court on appeal. An order was heretofore made, at the instance of the claimants, for bonding them. They were appraised for that purpose, the Aigburth at $900, and the Sarah Starr at $2,000, and the bonds were tendered. The marshal has intervened, and claims the payment of his fees and disbursements in the seizure and subsequent safe-keeping of the vessels, and also for wharfage, towage, &c.; or, at least, that the claimants pay into court a sum of money to cover these fees and expenses.

The first section of the act of March 25, 1862, (12 Stat. 374,) provides "that all reasonable and proper claims and charges for

[1][Reported by Samuel Blatchford, Esq.]

pilotage, towage, wharfage, storage, insurance, and other expenses incident to the bringing in and safe custody and sale of the property captured as prize, shall be a charge upon the same, and, having been audited and allowed by the court, shall, in the event of a decree of condemnation, or of restitution on payment of costs, be paid out of the proceeds," &c. The third section contains a similar provision in respect to another class of expenses. It will be seen, from the above provisions, that the claimant is not responsible for the costs and expenses attending the seizure, detention, and safe custody of the vessel seized by the government, unless there is a decree of condemnation or of restitution on payment of costs. And such would have been the rule in the absence of any statute regulation. The government is the libellant, instituting proceedings against the vessel, and, like any other party instituting a suit, is responsible for the expenses incurred in the progress of litigation, with the right of being reimbursed in the event of success, namely, the condemnation of the vessel, or a decree of restitution to the claimant on terms, such as payment of the costs. The claimant acts on the defensive, and is not subject to any portion of the costs and expenses incurred by the proceedings of the libellant, except his own in the progress of the defence, till they are adjudged against him by the court in the final adjudication. If he is successful in resisting the seizure, and obtains a final decree in his favor, he is, as a general rule, entitled to all h's costs and expenses against the adverse party; and if the latter is a private party, to an execution for these costs and expenses. If the government be the adverse party, as no decree for costs can be rendered against it, an application must be made to the proper department of the government, and such application must be made by all officers, or other persons who may have incurred expenses, or been subject to charges, at the instance of the government, in the course of the proceedings. It is true, that these costs and expenses are a charge upon the property seized, whether vessel or cargo, while it remains in the custody of the law; or, on its proceeds, in case of an interlocutory sale; or, on the bond, as representing the property, in case it is bonded; and this charge upon the res continues until the final adjudication of the case. If this is favorable to the libellant, they are paid out of the proceeds; if not, the property or proceeds are exempt, and are restored to the claimant. What these charges are, or may be, I am not now called upon to determine.

I have said that the government is the libellant, and is responsible for all lawful and proper expenses incurred in its behalf in conducting the proceedings. All captures made by public armed vessels belong to the government. By the laws of congress, after the condemnation of prize property, a por-

tion of the proceeds is distributed among the officers and crew of the capturing vessel in proportions depending upon the relative force of that vessel and of the captured vessel. Still, the whole property is proceeded against in behalf of the government. No title exists in the captors, except to the distributive share of the proceeds after condemnation; and, until then, the captors have no interest which the court can notice for any purpose. An exception to the above views in respect to costs and expenses exists in cases where the claimant applies to the court for some disposition of the res which may involve expense, such as for an interlocutory sale of the property, or for bonding the same. In such cases the claimant must advance the legal and necessary expenses, in the first instance, subject to a proper adjustment between the parties by the court in the final adjudication.

Applying the principles above stated to the case before me, it is quite clear that the marshal's bill presented, which includes charges for his own services, and for wharfage, towage, &c., cannot be allowed. He must look to the government, the libellant, for these expenses, or postpone his claim until the final adjudication, when, if that be against the claimant, it may be paid out of the proceeds; otherwise, not. The security taken for the vessel represents the proceeds, and is the equivalent for the property restored. The only charges thus far against the claimant are the expenses of bonding the vessel. The above views may be taken as disposing of other cases which have been mentioned to the court in the course of the term.

[NOTE. For opinion of the district court condemning the Sarah Starr and cargo and the Aigburth and cargo as enemy property, and acquitting the vessels on the charge of breaking the blockade, see The Sarah Starr and The Aigburth, Case No. 12,352; and for opinion of the circuit court affirming the decree of the district court as to the Aigburth and cargo, see The Aigburth, Id. 106.]

